**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BEE CREEK PHOTOGRAPHY, LLC, | § | |
| Plaintiff, | § | Case No: **5:26-cv-07076** |
| v. | § | |
| X TECHNOLOGIES, INC., | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**COMPLAINT**

Plaintiff Bee Creek Photography, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant X Technologies, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Tod Grubbs ("*Grubbs*") created an aerial photograph of the San Antonio, Texas skyline at dusk, featuring the Tower of the Americas (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at www.x-technologies.com (the "*Website*").

4. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiffis a Texas limited liability company and maintains its principal place of



SLG SANDERS · LAW GROUP ·

business in Travis County, Texas.

6. Defendant is a Texas corporation with a principal place of business at 100 Sandau Road, Suite 300, San Antonio in Bexar County, Texas.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

10. Defendant's principal place of business is located in Bexar County, Texas, within the San Antonio Division of this District, and the Infringement alleged herein was displayed on a website operated from that location.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

11. Plaintiff is a Texas commercial photography studio managed by photographer Tod Grubbs and Cynthia Hestand that creates and licenses architectural, interior, aerial, cityscape, and landscape photography for architects, architecture and interior design firms, construction companies, commercial property owners, publishers, and businesses.

12. Grubbs has worked as a professional photographer for many years and is a Federal Aviation Administration Part 107-certified small unmanned aircraft pilot. Plaintiff's portfolio includes an extensive library of aerial and skyline photographs of Texas cities, including San Antonio and Houston, which Plaintiff offers for commercial licensing through its website at www.beecreekphoto.com.



SLG SANDERS LAW GROUP

13. Plaintiff has devoted substantial time, skill, effort, and expense to developing its photography business and creating a portfolio of original photographs.

14. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

15. Plaintiff owns the copyrights in numerous original photographic works protected under the Copyright Act, including the Photograph that is the subject of this action.

16. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

17. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in the works it owns pursuant to the Copyright Act.

18. Plaintiff relies upon licensing revenue derived from the authorized use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

19. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

20. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

21. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

22. On August 27, 2018, Grubbs first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

23. Grubbs published the Photograph by placing it on Plaintiff's website at www.beecreekphoto.com, where it is offered for commercial licensing, for the purpose of display

and/or public distribution.

24. In creating the Photograph, Grubbs personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

25. On November 2, 2018, the Photograph was registered by the USCO under Registration No. VA 2-125-494.

26. The Photograph was registered within three months after its first publication.

27. Grubbs created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

28. On July 1, 2022, Grubbs assigned his rights in and to the Photograph to Bee Creek Photography, a general partnership (the "Partnership"), by written assignment, including all accrued claims and causes of action for infringement of the Photograph.

29. Effective April 1, 2024, the Partnership assigned its rights in and to the copyright in the Photograph to Plaintiff by written assignment agreement, including all accrued claims and causes of action for infringement of the Photograph.

**B. <u>Defendant's Infringing Activity</u>**

30. Defendant is the registered owner of the Website and is responsible for its content.

31. Defendant is the operator of the Website and is responsible for its content.

32. The Website is a part of and used to advance Defendant's commercial enterprise.

33. The Website is monetized in that it markets Defendant's engineering, information technology, cybersecurity, manufacturing, and mission-support services, contract vehicles, and capabilities to prospective government and commercial customers and, on information and belief, Defendant profits from these activities.

34. Defendant is a federal government contractor that, by its own description on the Website, has since 1998 provided engineering, information technology, information security, program support, manufacturing, and repair services to federal and commercial organizations.

35. Upon information and belief, Defendant's business consists predominantly of

contracts with the United States Department of Defense and other federal agencies, including the Department of the Air Force, the Defense Information Systems Agency, and the Department of the Navy, and Defendant has been awarded federal contract obligations exceeding $245 million.

36. Defendant uses the Website to present its capabilities, contracts, and career opportunities to prospective customers, teaming partners, and employees, and thereby to win and retain the government and commercial contracts from which it derives its revenue.

37. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

38. Upon information and belief, Defendant is a sophisticated business that holds itself out to the public as maintaining disciplined processes and strong quality control, including certification to the AS9100D quality management standard, and, as a federal contractor, is routinely subject to contractual obligations governing intellectual property and data rights.

39. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

40. Upon information and belief, Defendant's personnel, including its Director of Contracts and other contracts and compliance personnel, are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

41. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

42. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating



SLG SANDERS · LAW GROUP ·

a willful, recurring disregard for copyright compliance.

43. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

44. Beginning no later than May 28, 2019, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as the banner image at the top of the Website's home page, directly beneath Defendant's logo and alongside its corporate name, at URL https://www.x-technologies.com/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

45. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://static.wixstatic.com/media/9e33cf_f9e23ef622cc46059b2b868508a77af1~mv2.png.

46. Archived captures maintained by the Internet Archive's Wayback Machine reflect that the Photograph was displayed as the banner image of the Website's home page as early as May 28, 2019, and that Defendant's copy of the Photograph remained hosted at the foregoing URL from at least March 15, 2021 through at least February 19, 2024.

47. As of the date of this Complaint, Defendant's full-resolution copy of the Photograph remains stored on, and publicly accessible from, Defendant's website hosting account at the foregoing URL. Copies of the archived captures and of a screengrab of the currently accessible copy are attached hereto as Exhibit 3.

48. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

49. Plaintiff first observed the Infringement on December 16, 2023.

50. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

51. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

52. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

53. Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

54. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to the web designer that, according to Defendant, sourced the Photograph for the Website (collectively, the "*Representatives*").

55. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

56. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

57. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

58. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published

SLG SANDERS LAW GROUP

thereon, including the Infringement.

59. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

60. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

61. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

62. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

63. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

64. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

65. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

66. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

67. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to



SLG SANDERS LAW GROUP

exercise such right.

68. Upon information and belief, Defendant monitors the content on its Website.

69. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

70. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

71. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

72. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

73. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

74. Defendant's use of the Photograph harmed the actual market for the Photograph.

75. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

76. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license the Photograph to other commercial entities.

77. On or about February 20, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

78. Thereafter, on or about May 5, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an



SLG SANDERS · LAW GROUP ·

additional opportunity to address Plaintiff's claims.

79. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant refused to compensate Plaintiff for its unauthorized use of the Photograph and instead asked that Plaintiff consider the matter resolved, thereby necessitating the commencement of this action.

80. Upon information and belief, although Defendant removed the Photograph from the Website's home page after receiving Plaintiff's notice, Defendant did not delete its copy of the Photograph, which has remained stored on, and publicly accessible from, Defendant's website hosting account for more than two and a half years after Defendant received Plaintiff's notice. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

81. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

82. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

83. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

84. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

85. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

86. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

87. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced,

SLG SANDERS · LAW GROUP ·

distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

88. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

89. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

90. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

91. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

92. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
***(Vicarious Copyright Infringement)***

93. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

94. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Website.

SLG SANDERS LAW GROUP

95. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

96. Defendant enjoyed a direct financial benefit from the Infringement in that the Photograph served as the banner image of the home page of the Website through which Defendant markets its services to prospective government and commercial customers, and in that Defendant avoided paying the licensing fee it would otherwise have been required to pay for the Photograph.

97. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or “draw” of Plaintiff’s Photograph to attract prospective customers to the Website and to promote Defendant’s services.

98. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

99. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff’s copyrighted Photograph in violation of Title 17 of the U.S. Code.

100. As a result of Defendant’s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant’s profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff’s election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

101. As a result of the Defendant’s violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney’s fees and costs pursuant to 17 U.S.C. § 505.

102. As a result of Defendant’s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff’s copyrights pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

103. Plaintiff hereby demands a trial of this action by jury.

SLG SANDERS LAW GROUP

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 5, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129592

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·